UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JONATHAN FRANCISCO DA COSTA       *
GUEDES SOUSA,                     *
                                  *
         Petitioner,              *
                                  *
    v.                            *        Civil Action No. 1:26-cv-11435-IT
                                  *
ANTONE MONIZ, et al.,             *
                                  *
         Respondents.             *
                                  *

MEMORANDUM & ORDER

March 31, 2026

TALWANI, D.J.

Petitioner Jonathan Francisco Da Costa Guedes Sousa is a Brazilian citizen and national who has been detained by ICE since March 16, 2026. Pet. ¶¶ 1, 8 [Doc. No. 1]. Petitioner is currently detained at the Plymouth County Correctional Facility, in Plymouth, Massachusetts. Id. ¶ 9. On March 25, 2026, Petitioner filed his Petition for Writ of Habeas Corpus [Doc. No. 1]. Petitioner contends that, if authorized at all, he is detained "under 8 U.S.C. § 1226(a)," and requests either immediate release or that he "be provided a bond hearing[.]" Id. ¶¶ 16–17.

Respondents state "that the legal issues presented in this Petition are similar to those addressed by this Court in Doe v. Moniz[, 800 F. Supp. 3d 203 (D. Mass. 2025).]" Resp. to Habeas Pet. 1 [Doc. No. 6]. Respondents further note that "[s]hould the Court follow its reasoning in Doe . . . it would reach the same result here." Id.

The court finds the reasoning in Doe remains correct. Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225(b) rather than 8 U.S.C. § 1226(a). The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (B.I.A. 2025),

1

is unpersuasive and does not change the analysis. See Elias Escobar v. Hyde, No. 1:25-cv-12620-IT, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025) (citing cases reaching same conclusion).

The Petition for Writ of Habeas Corpus [Doc. No. 1] is therefore GRANTED as follows. No later than April 6, 2026, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226(a) or, if the immigration judge declines to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention. Following the bond hearing, Respondents shall promptly file a status report.

IT IS SO ORDERED.

March 31, 2026                                    /s/ Indira Talwani
                                                 United States District Judge

2